UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI A. SAYRE<br>4991 Lear Nagle Road<br>North Ridgeville, OH   44039 | ) <br> ) <br> ) <br> ) | CASE NO. |
| Plaintiff | ) <br> ) | JUDGE |
| v. | ) <br> ) | |
| POLING & ASSOCIATES CO., L.P.A.<br>c/o Dinsmore Agent Co.<br>191 West Nationwide Blvd., Suite 300<br>Columbus, OH   43215 | ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |
| and | ) <br> ) | |
| BRANT POLING<br>2156 Cheshire Road<br>Columbus, OH 43221 | ) <br> ) <br> ) <br> ) | |
| Defendants | ) | |

Now comes Plaintiff, Heidi A. Sayre, by and through undersigned counsel and for her Complaint against Defendants, Poling & Associates Co., L.P.A., (hereinafter "Poling Law") and Brant Poling (hereinafter "Poling") states and alleges the following:

## INTRODUCTION

1.      Plaintiff brings this lawsuit against Defendants, Poling Law and Poling, (collectively "Defendants"), as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half (1-1/2) times her regular rate of pay for all of the

hours she worked over forty (40) hours each week, in violation of the Fair Labor Standards Act ("FLSA"), 29 USC §201-219.

## JURISDICTION AND VENUE

2.  This court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 USC §1331.

3.  Venue lies in this court pursuant to 28 USC §1391(b) because Defendants conducted business in Cleveland, Ohio and a substantial portion of the events and/or omissions giving rise to Plaintiff's claims occurred in Cleveland, Cuyahoga County, Ohio which is within this District and Division.

## PARTIES

4.  At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Lorain County, Ohio.

5.  At all times relevant herein, Plaintiff was an employee as defined by 29 USC §203(e).

6.  At all times relevant herein, Defendant Poling Law was a corporation conducting business throughout the State of Ohio.

7.  At all times relevant herein, Defendant Poling Law was an employer within the meaning of 29 USC §203(d) and/or 29 CFR §825.104(d).

8.  At all times relevant herein, Defendant Poling was an employer within the meaning of 29 USC §203(d) and/or 29 CFR §825.104(d).

9.  At all times relevant herein, Defendant Poling was the President and sole shareholder of Defendant Poling Law and exercised operational control over Defendant Poling Law.

10.     At all times relevant herein, Defendant Poling Law was an enterprise within the meaning of 29 USC §203(r).

11.     At all times relevant herein, Defendant Poling Law was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §203(s)(1).

12.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §§206-207.

## FACTUAL ALLEGATIONS

### (Failure to Pay Overtime Compensation)

13.     Plaintiff was initially employed by Defendants in April of 2009 as the Office Administrator.

14.     Plaintiff worked at Defendants' Cleveland location which was located on Superior Avenue, in the City of Cleveland and County of Cuyahoga, until the office closed in April of 2017.

15.     While employed by Defendants, Plaintiff's job duties and responsibilities included answering the telephone, managing reception area, entering time entries, issuing monthly billing reports, monitoring accounts receivable, processing payments to experts and third party vendors, distribution of payroll, generating staff expense reports, managing enrollment and termination of staff health insurance coverage, maintaining records of staff attendance, serving as the liaison to the building management office and maintaining and ordering office supplies.

16.     Plaintiff did not supervise employees, have the authority to hire, fire or promote employees, nor did she direct the work of two (2) or more employees.

17.     Plaintiff did not perform office work directly related to the management or general business operations of Defendants, nor did she exercise discretion and independent judgment with respect to matters of significance.

18.     Although Defendants initially classified Plaintiff as a non-exempt employee, Defendants failed to pay Plaintiff overtime compensation.

19.     For the last two (2) years of Plaintiff's employment, Plaintiff earned a salary of approximately Sixty-Three Thousand Dollars ($63,000.00).

20.     Plaintiff regularly worked over forty (40) hours per week.

21.     During Plaintiff's employment with Defendants, Plaintiff estimates that she worked on average approximately eighty to one hundred (80-100) hours per work week.

22.     Defendants had knowledge that Plaintiff worked more than forty (40) hours per week.

23.     Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours she worked over forty (40) hours each work week.

**(Failure to Keep Accurate Records)**

24.     Defendants did not have timekeeping policies and procedures for its employees and thus did not keep track of Plaintiff's overtime hours.

25.     Defendants failed to make, keep and preserve accurate records of all of the hours worked by Plaintiff.

26.     As a result of Defendants' records-keeping practices, the majority of the overtime work performed by Plaintiff is unrecorded in Defendants' time and earnings records.

<u>**COUNT ONE**</u>
**(Fair Labor Standards Act Violations)**

27.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 26 as if fully rewritten herein.

28.     Defendants' failure to pay overtime compensation at the rate of one and one-half (1-1/2) times her regular rate of pay for all of the hours Plaintiff worked over forty (40) in a work week violated the FLSA, 29 USC §§201-219.

27.     Defendants' failure to keep accurate records of all of the hours worked for each work day and the total hours worked each work week by Plaintiff violated the FLSA, 29 CFR §516.2(a)(7).

28.     By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29.     As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime compensation due her pursuant to the FLSA.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A.     Award Plaintiff actual damages for unpaid overtime compensation;

B.     Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due Plaintiff under the FLSA;

C.     Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.     Award Plaintiff attorneys' fees, costs, and disbursements; and

E.     Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Kristen M. Kraus
Kristen M. Kraus (#0073899)
Richard N. Selby, II (#0059996)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
kmkraus@dworkenlaw.com
rselby@dworkenlaw.com

## JURY DEMAND

Now comes Plaintiff, by and through her counsel, and demands that this case be tried

before a jury of the maximum number allowed by law.

 /s/ Kristen M. Kraus
Kristen M. Kraus (#0073899)